Dear Representative Hopkins:
Your inquiry of recent date prompts us to address the following legal issue:
 May an individual concurrently hold full-time employment with a parish governing authority and also serve as elected police chief?
The individual in question is employed by the Caddo Parish Commission, and has further recently been appointed to fill a vacancy in the elected office of Chief of Police of Oil City.
The provision of Louisiana's Dual Officeholding and Dual Employment Law, R.S. 42:63(D), which sets forth those certain combinations of offices and employments which are prohibited, pertinently provides:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
The law does not prohibit an individual from holding elective office and employment in separate political subdivisions. Such is the case in the instant matter, as the office of elected chief of police falls within the municipality of Oil City, and the position of employment falls within Caddo Parish. The parish and the municipality are separate political subdivisions, as defined by R. S. 42:62(9):
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition, for the purposes of this part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
Thus, the individual in question may serve in both positions simultaneously. In accord is Attorney General Opinion 98-70, copy attached, in which we concluded that the individual elected chief of police for the Village of Atlanta could concurrently hold employment as a full-time deputy warden for the East Carroll Parish Prison.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: February 10, 1999
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL